♦AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

__SOUTHERN__    District of    __NEW YORK__

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| Phillip Llenas | Case Number: 14 CR 00268 (KMK) |
| | USM Number: 71006-054 |
| | Mark S. DeMarco, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s) ____
  which was accepted by the court.

☐ was found guilty on count(s) ____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 846 | Conspiracy to Distribute and Possess with Intent to Distribute | 4/2014 | 1 |
| 21 USC 841(b)(1)(B) | Cocaine | | |

    The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____

X Count(s)   open and underlying   ☐ is   X are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 20, 2015
Date of Imposition of Judgment

_/s/_
Signature of Judge

Hon. Kenneth M. Karas, U.S.D.J.
Name and Title of Judge

10/23/15
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____

Judgment — Page 2 of 6

DEFENDANT: Phillip Llenas
CASE NUMBER: 14 CR 00268 (KMK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

84 months on Count 1. The defendant has been advised of his right to appeal.

X  The court makes the following recommendations to the Bureau of Prisons:
It is recommended that the Defendant be designated nearest to Fort Dix or FCI Danbury.

It is recommended that the Defendant participate in the BOP residential drug abuse treatment program (commonly referred to as the 500 hour substance abuse program) or an equivalent program.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: Phillip Llenas
CASE NUMBER: 14 CR 00268 (KMK)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

5 years on Count 1.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B      (Rev. 06/05) Judgment in a Criminal Case
             Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:      Phillip Llenas
CASE NUMBER:    14 CR 00268 (KMK)

## ADDITIONAL SUPERVISED RELEASE TERMS

It is recommended that the Defendant is to be supervised by the district of residence.

The Defendant will participate in an outpatient program approved by the United States Probation Office, which program may include testing to determine whether the Defendant has reverted to using drugs or alcohol. The Defendant shall contribute to the costs of services rendered based on the defendant's ability to pay and the availability of third-party payment. The Court authorizes the release of available drug treatment evaluations and reports, including the presentence report, to the substance abuse treatment provider.

The Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the Probation Officer has reasonable belief that contraband or evidence of a violation of the conditions of the defendant's release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

DEFENDANT: Phillip Llenas
CASE NUMBER: 14 CR 00268 (KMK)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ $0.00 | $ $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Phillip Llenas
CASE NUMBER: 14 CR 00268 (KMK)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**    X    Lump sum payment of $   100.00   due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
     Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
                                :
UNITED STATES OF AMERICA        :
                                :    CONSENT PRELIMINARY ORDER
        -v.-                    :    OF FORFEITURE AS TO
                                :    SPECIFIC PROPERTIES
PHILLIP LLENAS                  :
    a/k/a "Bemba,"              :    S2 14 Cr. 268 (KMK)
                                :
                  Defendant.    :
------------------------------- X
```

WHEREAS, on or about August 26, 2014, PHILLIP LLENAS, a/k/a "Bemba" (the "Defendant") and others were charged in a three-count Superseding Indictment, S2 14 Cr. 268 (KMK) (the "Indictment"), with conspiracy to distribute and possess with the intent to distribute five kilograms or more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking, pursuant to Title 21, United States Code, Section 853, the forfeiture of any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense charged in Count One of the Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about May 8, 2014, the Government seized the following items:

      a.    $6,881.29 in United States currency from 1164 Edison Avenue, 3rd Floor Apt., Bronx, NY;

      b.    $3,266.00 in United States currency from various locations at 1164 Edison Avenue, 3rd Floor Apt., Bronx, NY;

c. $555,382.00 in United States currency seized from 1164 Edison Avenue 1st Floor Apt., Bronx, NY;

d. $139,900.00 in United States currency seized from 1164 Edison Avenue, 1st Floor Apt., Bronx, NY;

e. $41,530.00 in United States currency seized from 1164 Edison Avenue, 1st Floor Apt., Bronx, NY;

f. watches from 1164 Edison Avenue, 3rd Floor Apt., Bronx, NY, including:

   i. One Gents "Cartier" watch Roadster chronograph, after market diamonds throughout, Serial Number 33100CE;

   ii. One Gents "Hublot" watch, 18k rose gold metal, Serial Number 609454;

   iii. One Gents "Rolex" watch, Deep Sea stainless steel, Serial Number G441267;

   iv. One Gents "Rolex" watch, 18k rose gold Sky Dweller, Serial Number 322V63ZO;

   v. One Gents "Rolex" watch, 18k yellow gold Yacht Master II, Serial Number M035202;

   vi. One Gents "Rolex" watch, day date II, President 18k yellow gold, Serial Number 2W070063;

   vii. One Gents "Rolex" watch, stainless Air King, Serial Number M062007;

   viii. One Gents "Rolex" watch, Date Just 18k and stainless, Serial Number D272802;

   ix. One Ladies "Michele" watch, Serial Number TC06634;

   x. One Gents "Breitling" watch, Serial Number 2607557; and

   xi. One Gents "Chopard" watch, Serial Number 1604051;

(collectively, the "Specific Properties");

WHEREAS, on or about May 21, 2015, the Defendant pled guilty, before Magistrate Judge Paul E. Davison, to Count One of the Indictment[1] pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense charged in Count One of the Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the Indictment including but not limited to, the Specific Properties;

WHEREAS, on or about July 22, 2015, this Court accepted the Defendant's May 21, 2015 guilty plea before Magistrate Judge Paul E. Davison;

WHEREAS, the Defendant agrees that the Specific Properties constitute or are derived from proceeds traceable to the commission of the offense charged in Count One of the Information, and are thus forfeitable to the United States;

WHEREAS, the Defendant consents to forfeiture of the Specific Properties;

WHEREAS, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), the Defendant consents to this Consent Preliminary Order of Forfeiture as to Specific Properties becoming final as to his interests prior to sentencing; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules

---

[1] Count One of the Indictment charges the Defendant with conspiring to distribute and posses with the intent to distribute five kilograms or more of cocaine, thereby triggering the enhanced statutory sentencing provisions of Title 21, United States Code, Section 841(b)(1)(A). Under the terms of the plea agreement, however, the Defendant pled guilty to the lesser-included charge of conspiring to distribute and posses with the intent to distribute five hundred grams or more of mixtures and substances containing a detectable amount of cocaine.

3

32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to continue to maintain the Specific Properties in its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Michael Gerber, of counsel, and the Defendant, and his counsel, Mark S. DeMarco, Esq. that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. The Defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Properties and will not assist anyone else in doing so.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties at sentencing, this Consent Preliminary Order of Forfeiture as to Specific Properties is final as to the Defendant, PHILLIP LLENAS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties, the United States Marshals Service (or its designee) is authorized to continue to maintain the Specific Properties and hold the Specific Properties in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture as to Specific Properties. Any person, other than the Defendant in this case, claiming an interest in the Specific Properties must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Properties and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Properties pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Properties, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

10. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Properties to Assistant United States Attorney Jason H. Cowley, Chief of the Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York, 10007.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

11. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Properties may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____   10/20/15
    MICHAEL GERBER                    DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Tel.: (212) 637-2470

PHILLIP LLENAS
Defendant

By: _____   10/20/15
    PHILLIP LLENAS                    DATE

By: _____   10/20/15
    Mark S. DeMarco, Esq.             DATE
    Attorney for Defendant
    2027 Williamsbridge Road
    Bronx, New York 10461

SO ORDERED:

_____       10/20/15
HONORABLE KENNETH M. KARAS           DATE
UNITED STATES DISTRICT JUDGE